UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELIOTT WILLIAMSON,

        Plaintiff,

v.                                    Case No.: 3:24-cv-43-WWB-PDB

TRANSUNION LLC and EXPERIAN
INFORMATION SOLUTIONS, INC.,

        Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on United States Magistrate Judge Patricia D. Barksdale's Report and Recommendation ("**R&R**," Doc. 151), in which she recommends that sanctions be imposed and the action be dismissed with prejudice. Plaintiff timely filed a seventy-two-page Objection, (Doc. 155), which the Court struck for excess of pages and failure to comply with the Local Rules, (Doc. 158 at 2–3). However, the Court permitted Plaintiff to file an amended objection not to exceed twenty pages. (*Id.*). Plaintiff then filed a subsequent Objection ("**Amended Objection**," Doc. 159), and Defendants Experian Information Solutions, Inc. and Trans Union filed their respective Responses in Opposition (Doc. Nos. 160, 162).

I.     BACKGROUND

On January 12, 2024, Plaintiff brought an action against Defendants TransUnion LLC ("**TransUnion**") and Experian Information Solutions, Inc. ("**Experian**"), both of which are credit reporting companies, for violating the Fair Credit Reporting Act ("**FCRA**"), 15 U.S.C. § 1681, *et seq*. (Doc. 1 at 1). In the Amended Complaint, Plaintiff alleges that

Defendants reported inaccurate information related to Plaintiff's credit history.  (*See* Doc. 23 at 2–3).

At the outset of litigation, the parties were ordered to comply with the Local Rules and the Court's January 13, 2021 Standing Order.  (Doc. 3).  In their Case Management Report, the parties represented that they had read and would comply with the Local Rules.  (Doc. 16 at 8).  And in the Case Management and Scheduling Order, they were again instructed to comply with all rules and the standing order.  (Doc. 19 at 3).  Additionally, the parties were instructed not to file discovery materials on the docket unless required to resolve an issue.  (*Id.*).

Over the course of litigation, the parties, and Plaintiff in particular, filed numerous motions and hundreds of documents with the Court, and they were replete with violations of rules and orders.  On several occasions, Defendants failed to comply with the Local Rules and standing order.  (*See* Doc. 40; Doc. 61 at 1).  However, the number of error-ridden documents that Plaintiff filed was exorbitant—for example, as the R&R points out, in April and May 2024 alone, Plaintiff filed nineteen motions and other papers, three responses, and 124 exhibits.  (Doc. 151 at 13–14 (listing each filing)).  The undersigned will not detail each of Plaintiff's filings that did not comply with various rules and orders, as the R&R eloquently details this case's background, (Doc. 151 at 1–51), and outlines each violation in nearly forty pages of charts, (*id.* at 73–111).  Some of Plaintiff's violations, however, encompass: (1) failing to file a disclosure statement, (Doc. 21 at 2); (2) citing to non-existent cases, (Doc. 24); (3) filing discovery documents with the Court, (Doc. 22); (4) failing to confer, (Doc. Nos. 29, 47, 57); and (5) failing to comply with the Court's January 13, 2021 Standing Order, (Doc. Nos. 45–46, 55).

As this unfolded and persisted, the Court repeatedly ordered Plaintiff to comply with all rules and orders, (Doc. Nos. 21, 34, 58, 133 at 27–29), and directed Plaintiff to pro se litigation resources, (Doc. 21). The violations continued. Accordingly, the Court ordered Plaintiff to show cause why sanctions should not be imposed against him. (Doc. 58 at 2). At the hearing, Plaintiff violated four additional Local Rules. (*See* Doc. 133 at 6, 8, 10, 29, 35, 65–66). After warning the parties that they must comply with all rules and orders, the Court discharged the Order to Show Cause. (*Id.* at 89). Thereafter, Plaintiff filed seven motions and responses and forty-four exhibits, (Doc. Nos. 62–63, 66–67, 69–70, 72), all of which violated rules or the standing order and some of which cited to non-existent cases. Within two additional days, Plaintiff filed six motions and documents and two exhibits with similar issues. (Doc. Nos. 85–90).

The conduct continued and the Court, again, ordered Plaintiff and TransUnion to show cause as to why sanctions should not be imposed against them. (Doc. 104 at 5–6). The Court then ordered a hearing on its Order to Show Cause to address Plaintiff's citations to non-existent cases, misquotes of cases, misrepresentations of case holdings, utilization of different spellings of Plaintiff's name on his bankruptcy petition, repeated rule violations, inconsistent representations as to his address, and apparent service of a subpoena that the Court never issued. (Doc. 105 at 1–6). The Court stated it would also address TransUnion's failure to comply with rules. (*Id.* at 7). At the hearing, Plaintiff admitted to using an Artificial Intelligence ("**AI**") research tool and informed the Court he had shifted to manual research and would not repeat the errors. (Doc. 120 at 26–31, 35–39). He explained that he could not locate the Local Rules and standing order on the Court's website. (*Id.* at 39–45). The Court also addressed, among other things, Plaintiff's

3

name, address, and subpoena discrepancies. (*See id.* at 8–15, 50–61).[1] Ultimately, TransUnion orally moved to dismiss the action with prejudice as a sanction, which the Court took under advisement. (*Id.* at 119, 150–51).

Not more than twenty-five minutes after the hearing, Plaintiff filed a response to the Order to Show Cause, which violated the standing order and cited to a non-existent case that the Court already exposed. (*See* Doc. 107 at 4; Doc. 112). Plaintiff subsequently filed a correction, but therein, cited to another non-existent case and violated the Local Rules and standing order. (Doc. 108 at 1). Plaintiff proceeded to file multiple motions, documents, and exhibits that violate the Local Rules, standing order, and court orders. (*See, e.g.*, Doc. Nos. 107–111). The Court discharged its show cause order as to TransUnion, (Doc. 115 at 1), but not as to Plaintiff. Plaintiff continued his filings, and Magistrate Judge Barksdale issued the instant R&R.

## II.   LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's

---

[1] Throughout the hearing, Plaintiff violated six Local Rules, (*see* Doc. 120 at 5–6, 76, 86, 88, 116–17, 128–29, 143–44, 157–58), and disclosed confidential settlement discussions, (*see id.* at 61, 136). Further, Plaintiff admitted to recording portions of a conference he had with defense counsel, without their knowledge or consent. (*Id.* at 85, 88–89). When asked whether he had recorded calls with defense counsel, and upon the Court's advisement that doing so without defense counsel's knowledge or consent is a crime in Florida and Plaintiff had the right not to incriminate himself, Plaintiff chose not to answer. (*Id.* at 89–90).

report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

### III.   DISCUSSION

The R&R recommends dismissing the action with prejudice for Plaintiff's failure to show cause as to why sanctions should not be imposed. Therein, Magistrate Judge Barksdale devotes 111 pages to detailing Plaintiff's sanctionable conduct that has permeated this litigation since its inception. The R&R makes its recommendation based on four grounds: (1) citing non-existent cases and rules, misquoting cases, and misrepresenting rules and holdings on 127 occasions; (2) intentionally spelling his first name wrong in his bankruptcy petition; (3) misrepresenting facts; and (4) intentionally violating rules and the standing order on 58 occasions. Plaintiff's Amended Objection in response contains misrepresentations and is largely non-responsive to the R&R. Plaintiff's objections can be classified into two categories: (1) arguing the merits of his claims, and (2) contesting the validity of the sanctions.

As an initial matter, the Court addresses several misrepresentations of the record in the Amended Objection. To begin, Plaintiff outright claims and similarly implies that he "ha[d] not previously amended his complaint." (Doc. 159 at 15; *see also id.* at 2, 7). This is false. Plaintiff was provided an opportunity to amend his complaint, and in fact did so

5

after Magistrate Judge Barksdale dismissed the initial complaint as a shotgun pleading. (*See* Doc. 21 at 1–3; Doc. 23).[2]

Next, Plaintiff claims that "[t]he District Court Judge prior order [sic] previously rejected or declined to accept Defendants' argument that the settlement precluded Plaintiff's claims" in the Court's May 29, 2024 Order.  (Doc. 159 at 5 (citing Doc. 58)). Plaintiff goes on to state that "[i]n that earlier ruling, the [district court judge] found no grounds to dismiss Plaintiff's complaint – even without prejudice – on the basis of the settlement."  (*Id.*).  As a result of this order, Plaintiff states that the R&R "reached a contradictory conclusion on an issue already settled in Plaintiff's favor."  (*Id.*).  This is false.  The undersigned did not issue the referenced order; Magistrate Judge Barksdale did.  (*See* Doc. 58 at 4).  Additionally, Plaintiff plainly misstates the referenced ruling.  The Magistrate Judge denied eleven motions—ten having been filed by Plaintiff—for a failure to comply with the Local Rules and the undersigned's January 13, 2021 Standing Order, (*id.* at 2–4), and ordered Plaintiff to "show cause why sanctions should not be imposed," (*id.* at 2).  By no means did the undersigned adjudicate the merits of the motions or arguments, or find in Plaintiff's favor, when the motions were denied.  Nor did Magistrate Judge Barksdale.

Moving on, Plaintiff's Amended Objection is replete with mischaracterizations of the R&R's findings and conclusions.  For example, Plaintiff states that "[t]he R&R erroneously concluded that all of Plaintiff's claims are barred by a prior settlement,

---

[2] The Magistrate Judge granted Defendants' Joint Motion for Judgment on the Pleadings (Doc. 17) because Plaintiff's initial complaint was a shotgun pleading.  (Doc. 21 at 1–2).  In doing so, the Court rejected Defendants' request to dismiss the complaint with prejudice and permitted Plaintiff an opportunity to amend.  (*Id.* at 3; *see also* Doc. 17 at 2).

6

misapplying principles of release and claim preclusion." (Doc. 159 at 4). The R&R makes no such conclusions. In fact, each of the four times the R&R mentions the settlement agreement argument, it merely restates what the parties had argued in prior motions. (*See* Doc. 151 at 5, 27–28, 35). There is no conclusion as to the merits of those arguments. This is not the only misrepresentation. (*See* Doc. 159 at 3 ("The R&R fails to apply the Rule 12(b)(6) standard correctly by ignoring these well-pled harms and treating the claims as trivial."); *id.* at 6 ("[T]he R&R determined that Plaintiff's FCRA causes of action fail on the merits for lack of specific factual support."); *id.* at 8 ("The R&R summarily concluded that Plaintiff's FDCPA count failed[.]").[3]

The bulk of Plaintiff's arguments depend on the above-noted mischaracterizations. First, Plaintiff argues that the R&R did not consider the gravity of his allegations of Defendants' purportedly improper change of his address, (Doc. 159 at 3–4), and that the R&R improperly applied the barred claims doctrine due to a prior settlement agreement between the parties, (*id.* at 4–5). Next, Plaintiff objects to the R&R's application of Federal Rule of Civil Procedure 12(b)(6) to his FCRA claim and similarly asserts that he sufficiently pled facts to support an FDCPA violation. (*Id.* at 7). Plaintiff also asserts that the R&R misstates Plaintiff's right to costs under the FCRA, (*id.* at 14–15), and the R&R's dismissal with prejudice ignores Plaintiff's pending motions, depriving Plaintiff of meaningful review,

---

[3] Plaintiff also cites to page fifty-two of the parties' June 6, 2024 hearing before Magistrate Judge Barksdale in which he claims "the Magistrate Judge agreed such damages were negotiable in settlement or recoverable at judgment." (*See* Doc. 159 at 15 (citing Doc. 60 at 52)). There is no page fifty-two to this document; it contains two pages of the Clerk's Minutes reflecting the hearing in which Magistrate Judge Barksdale ordered Plaintiff "to show cause why sanctions should not be imposed for continued failure to comply with the Local Rules." (Doc. 60 at 1). No such determination of the merits or Magistrate Judge Barksdale's "agreement" on the matter of damages being negotiable or recoverable occurred. (*See id.* at 1–2).

(*id.* at 13–14). Ultimately, Plaintiff applies a motion to dismiss framework, repeatedly contends his allegations must be taken as true, and asks this Court to reject the R&R. (*Id.* at 1–3).

It appears Plaintiff misunderstands the premise of the R&R; it does not address any of these issues. At no point did Magistrate Judge Barksdale rule on the merits, nor should she have, as the R&R addresses the Order to Show Cause. The R&R did not apply, or even mention, Rule 12(b)(6). Moreover, Plaintiff did not assert an FDCPA claim under 15 U.S.C. § 1692 in his Amended Complaint, rendering any argument related thereto irrelevant. (*See* Doc. 23). Instead, the R&R only discusses the matter of sanctions and Plaintiff's failure to show cause following his repeated and inundating violations of court orders, the Local Rules, the Federal Rules of Civil Procedure, and the January 13, 2021 Standing Order. (*See* Doc. 151 at 58–70). Plaintiff's arguments based on the above misrepresentations are therefore nonresponsive to the R&R's meticulous reasoning and express holding.[4]

In making nonresponsive arguments, Plaintiff fails to properly object. *See Kohser*, 649 F. App'x at 777 (citing *Heath*, 863 F.2d at 822); *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) ("In order to challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." (quotation omitted)). Thus, the Court will not consider the arguments. *See Adderley v. Austin*, No. 4:24-cv-302, 2024 WL 4068762, at

---

[4] Plaintiff's incorrect recitation of the facts leaves the Court to wonder whether Plaintiff has yet again, as he previously conceded, utilized AI in formulating his objection.

\*1 (N.D. Fla. Sept. 5, 2024) (declining to address "nonresponsive to the issues raised in the report and recommendation"); *Ricks v. Davis*, No. 5:05-CV-403, 2007 WL 951711, at \*1 (M.D. Ga. Mar. 28, 2007) (declining to address the plaintiff's "nonresponsive" objection to the report and recommendation); *Zapata v. Strain*, No. 19-60587-CIV, 2019 WL 3429125, at \*1 (S.D. Fla. May 15, 2019) (declining to address the plaintiff's "objections that are either nonresponsive . . . or already addressed" in the R&R); *see also Cunningham v. Dep't of Corr.*, No. 4:21cv414, 2025 WL 1296172, at \*1 (N.D. Fla. May 5, 2025).

The Court now turns to Plaintiff's remaining objections that do respond to the R&R. Plaintiff argues that the R&R misconstrues Plaintiff's actions as misconduct and improperly focuses on his filing mistakes when he acted in good faith. Plaintiff further objects that the R&R disproportionately punishes Plaintiff but not Defendants for procedural violations.

Upon review, the Court concludes that the Magistrate Judge properly sanctioned Plaintiff in recommending dismissal with prejudice under the Court's inherent authority. While Federal Rule of Civil Procedure 11 is one method to impose sanctions, courts also have the inherent authority to do so, the distinction being that "the inherent power extends to a full range of litigation abuses and must continue to exist to fill in the interstices." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (quotation omitted). To warrant action under this power, a party must have acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (quotation omitted); *see also Marx v. Gen. Revenue Corp.*, 568 U.S. 371 (2013). The standard is subjective. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th

9

Cir. 2017). The Court's inherent authority may be used to sanction parties if, "in the informed discretion of the court," Rule 11 is not "up to the task." *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1554 (11th Cir. 1996) (quoting *Chambers*, 501 U.S. at 50). When imposing dismissal with prejudice as a sanction, the Eleventh Circuit utilizes a two-part analysis: "There must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citing *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1339 (11th Cir. 2005)).

Beginning with Plaintiff's first argument, Plaintiff contests the R&R's characterization of his conduct. He claims that contrary to the R&R's findings, (1) he did not submit a false subpoena, (2) his citation errors were minor mistakes, and (3) Defendants suffered no prejudice from any errors.

As to the subpoena, the R&R did not make a finding one way or another as to whether Plaintiff served a non-party with a false subpoena. Rather, it expressly states "the record is unclear" on the issue, and thus, the Magistrate Judge did not consider it in analyzing whether dismissal with prejudice was appropriate. (Doc. 151 at 59). Accordingly, Plaintiff's contention that the subpoena was properly issued has no bearing on the Court's analysis.

The Court finds Plaintiff's second argument similarly meritless. In describing his citation errors as "minor" and admitting he "misattributed [a] quotation in one of his briefs," Plaintiff again grossly mischaracterizes the record. (Doc. 159 at 11). Plaintiff explains that he corrected the mistakenly cited cases and misattributed quote. (*Id.*). Indeed, he did correct this mistake. (Doc. 128 at 1–2). However, the cure on this single occasion does not address the remaining 126 instances where Plaintiff cited non-existent cases

and rules, misquoted cases, and misrepresented rules and holdings. (Doc. 151 at 78–111). Nor does it address the additional fifty-eight instances in which Plaintiff violated court orders, the Local Rules, and the Federal Rules of Civil Procedure. (*Id.* at 73–77). Nor does it address how in response to the very R&R recommending sanctions, Plaintiff, prior to leave being granted, filed a now-stricken objection totaling seventy-two pages in violation of the Local Rules' ten-page standard. (Doc. 158 at 2–3).

In his objection, Plaintiff ignores these deficiencies, blames his pro se status, and trivializes his procedural violations. (*See, e.g.*, Doc. 159 at 11–12 ("The substance of Plaintiff's claims and evidence should not be overshadowed by a few corrected citation mistakes.")). But Plaintiff has demonstrated a clear pattern of non-compliance with procedural rules in contravention of Supreme Court and Eleventh Circuit precedent, which time and again iterate that pro se litigants are not immune to procedural rules. *See, e.g.*, *Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 225–26 (11th Cir. 2011) ("Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules." (citation omitted)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant." (citation omitted)); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[The Supreme Court] has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) ("*Pro se* filings do not serve as an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."

(quotation omitted)). This principle is particularly applicable here because Plaintiff is no stranger to the judicial system, having initiated at least nine other actions. (*See* Doc. 151 at 6–7 (listing cases Plaintiff has initiated)).

Despite Plaintiff's contention otherwise, his citations to non-existent cases and violations of various rules and orders do in fact prejudice Defendants. Plaintiff's noncompliance has stalled proceedings, wasted the Court's time, cost Defendants' money, and impeded the parties from having their motions adjudicated on the merits. *See Ho v. Warren*, No. 8:21-cv-2621, 2021 WL 5494374, at *3 (M.D. Fla. Nov. 23, 2021) (explaining how the Court and opposing party's time and resources are wasted by a pro se litigant's voluminous pleadings and various filings).

As to Plaintiff's final argument that the R&R penalizes only him when Defendants also engaged in discovery abuse and misrepresentations, the Court finds it meritless. It is true that Defendants have, at times, violated rules; the R&R acknowledges this. (Doc. 151 at 16, 24). But it would be inaccurate to equate Plaintiff's conduct with Defendants'. Moreover, Experian correctly points out that another party's purported misconduct does not excuse Plaintiff's misconduct. *See Mohammed v. Anderson*, 833 F. App'x 651, 655 (7th Cir. 2020) (holding that the plaintiff's improper conduct "in response to [ ] mistreatment" warranted dismissing the case because "[a] litigant has no right to retaliate against the opposing party during court proceedings").

As recent as the instant Amended Objection, Plaintiff continues to fail to comply with procedural requirements, ultimately at the expense of the Court and Defendants. The pure quantity of instances in which Plaintiff has violated rules and court orders very clearly demonstrates that Plaintiff's repeated violations were made in bad faith. *See In re*

*Engle Cases*, 283 F. Supp. 3d 1174, 1242 (M.D. Fla. 2017) ("A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." (quoting *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998))). Exemplifying his bad faith and disregard, Plaintiff, at one point, characterized his citations to non-existent cases as "inconsequential" errors because Defendants' conduct violates the FCRA. (Doc. 53 at 6). It is clear that Plaintiff's "'conduct and words evidence[] a refusal to acknowledge the authority' of the magistrate judge and the district court, and 'indicate[] no willingness to comply with court orders.'" *Williams v. Bank of Am. Corp.*, 824 F. App'x 790, 797 (11th Cir. 2020) (quotation omitted) (holding that dismissal with prejudice was not an abuse of discretion where the plaintiff did not obey court orders and did not appear at depositions); *cf. Ross v. Fogam*, 635 F. App'x 824, 832–33 (11th Cir. 2016) (holding that dismissal was not appropriate where the plaintiff made a misstatement of fact in his motion to proceed in forma pauperis).[5]

Plaintiff's false assertion that he has not had an opportunity to amend his complaint has no bearing on this Court's ruling because the sanctionable conduct permeates the litigation, not merely his Amended Complaint. Rule 11 is not up to the task, as it primarily addresses "baseless filings in district court," *Peer*, 606 F.3d at 1311, while a court's inherent power is for "rectifying disobedience" and "vindicating judicial authority," *In re Engle Cases*, 283 F. Supp. 3d at 1242 (quoting *Purchasing Power, LLC*, 851 F.3d at 1223). The R&R correctly points out that Plaintiff's "misconduct is varied and extends beyond papers." (Doc. 151 at 58). Accordingly, dismissal with prejudice pursuant to this

---

[5] Plaintiff's contention that the Magistrate Judge did not contemplate lesser sanctions is baseless. The R&R explains why neither a warning or financial penalty would be effective. (Doc. 151 at 66–67).

Court's inherent authority is appropriate. *See Versant Finding LLC v. Teras Breakbulk Ocean Navigation Enters., LLC*, No. 17-cv-81140, 2025 WL 1440351, at *3 (S.D. Fla. May 20, 2025) ("[T]he Court has inherent authority to sanction the misuse of AI when it affects the Court's docket, case disposition, and ruling.").

## IV. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 151) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. The Amended Complaint (Doc. 23) is **DISMISSED with prejudice**.
3. The Clerk is directed to terminate any other pending motions and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on August 5, 2025.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party