United States District Court
Middle District of Florida
Jacksonville Division

ELIOTT WILLIAMSON,

   *Plaintiff,*

v.                                                      NO. **3:24-cv-43-WWB-PDB**

TRANSUNION LLC &
EXPERIAN INFORMATION SOLUTIONS, INC.,

   *Defendants.*

---

# Order

Last year, the court dismissed this case with prejudice as a sanction for the plaintiff's misconduct, including his repeated rule violations and citations to non-existent cases. Doc. 166. The plaintiff appealed. Doc. 176. On May 4, 2026, the Eleventh Circuit affirmed the dismissal. *See* Doc. 29-1 (opinion) and Doc. 30 (judgment) in Appeal No. 25-13045.

This order addresses the seven pending motions that the plaintiff has filed since appealing, Docs. 188, 192, 194, 195, 196, 200, 201.

## 1.

Relying on Rule 62(b), Federal Rules of Civil Procedure, the plaintiff moves to stay enforcement of the clerk's taxation of $5,734.45 in costs against him (*see* Docs. 178, 179) pending the resolution of his appeal, and to waive the bond requirement or pay a $1 bond. Docs. 188 (motion), 189 (declaration), 189-1 (exhibits). He asserts that he has a limited ability to pay for a bond, has a substantial likelihood of success on appeal, and will suffer irreparable harm

absent a stay; the balance of hardships favors him; and the public interest supports a stay. *See* Doc. 188. Experian Information Solutions, Inc., opposes the motion. Doc. 193. TransUnion LLC does not respond to the motion.

Because the Eleventh Circuit has entered a judgment affirming the dismissal of this case, *see* Doc. 29-1 (opinion) and Doc. 30 (judgment) in Appeal No. 25-13045, the motion, Doc. 188, is **denied as moot**.

Even if the motion were not moot (for example, if the plaintiff moves for a panel rehearing, *see* 11th Cir. R. 40-2), denial of the motion is warranted.

Under Rule 54(d), Federal Rules of Civil Procedure, "Unless a federal statute, [the procedural] rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "The clerk may tax costs on 14 days' notice." *Id.* "On motion served within the next 7 days, the court may review the clerk's action." *Id.* "[T]he Rule contemplates that applications for costs will be presented in the first instance not to the court but to the clerk; a district judge need not take up the issue at all unless the losing party makes a timely motion for judicial review." *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988).

A "'judgment' … includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Under Rule 62(b), "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security."[1] "The

---

[1]Before 2018 amendments, Rule 62(b) used to be Rule 62(d). The Advisory Committee on Rules explained changes to the rule:

> Subdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d). A stay may be obtained under subdivision (b) at any time after judgment is entered. … The new rule's text makes explicit the opportunity to post security in a form other than a bond. The stay takes effect when the court approves the bond or other security and

stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."[2] Fed. R.

---

remains in effect for the time specified in the bond or security—a party may find it convenient to arrange a single bond or other security that persists through completion of post-judgment proceedings in the trial court and on through completion of all proceedings on appeal by issuance of the appellate mandate. This provision does not supersede the opportunity for a stay under 28 U.S.C. § 2101(f) pending review by the Supreme Court on certiorari. Finally, subdivision (b) changes the provision in former subdivision (d) that "an appellant" may obtain a stay. Under new subdivision (b), "a party" may obtain a stay. For example, a party may wish to secure a stay pending disposition of post-judgment proceedings after expiration of the automatic stay, not yet knowing whether it will want to appeal.

Fed. R. Civ. P. 62(b) advisory committee's note to 2018 amendments. The cases cited in this order were decided before the amendments and applied the previous version of the rule.

[2]Without providing a citation to authority, the plaintiff states, "Rule 62(b) authorizes the Court to stay execution of a judgment, including enforcement of taxed costs 'on appropriate terms for the opposing party's security' while an appeal is pending." Doc. 188 at 2. The quotation is not from Rule 62.

Without providing a citation to authority, the plaintiff states, "Where the appellant shows indigency or protected income and the appellees face little risk of non-collection, courts routinely waive a supersedeas bond or set nominal security." Doc. 188 at 2. Authority suggests otherwise. *See* 11 *Wright & Miller's Federal Practice & Procedure* § 2905 (3d ed. 2026) ("[T]he bond requirement will not be waived solely on the basis that it will pose a severe financial hardship on the appellant unless some other form of security is offered.").

Without providing a citation to authority, the plaintiff states, "In evaluating a stay, courts consider (1) serious questions on the merits or likelihood of success; (2) irreparable harm absent a stay; (3) the balance of hardships; and (4) the public interest." Doc. 188 at 2. A court considers those factors when deciding whether to stay equitable relief. *See, e.g., Nken v. Holder*, 556 U.S. 418, 426 (2009); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1370 (11th Cir. 2022); *Venus Lines Agency v. CVG Industria Venezolana De Aluminio, C.A.*, 210 F.3d 1309, 1313 (11th Cir. 2000); *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).

The absence of citations to authority suggests that the plaintiff continues to use generative artificial intelligence (AI) to prepare the papers he files in this court, but now avoids citing non-existent cases by citing no cases at all. He filed the motion before the standing order requiring a certificate on the use of generative AI. *See* Standing Order

Civ. P. 62(b). The stay, upon the posting of an approved bond or other security, is a matter of right. *United States v. Wylie*, 730 F.2d 1401, 1402 n.2 (11th Cir. 1984).

"The … text makes explicit the opportunity to post security in a form other than a bond." Fed. R. Civ. P. 62(b) advisory committee's note to 2018 amendments. In *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, the former Fifth Circuit explained a court's discretion to authorize a non-bond security:

> If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond. Contrariwise, if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor.

600 F.2d 1189, 1191 (5th Cir. 1979). "*Poplar Grove* strongly suggests that the judgment debtor must provide substitute security that furnishes equal protection to the judgment creditor." *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1325 (M.D. Fla. 2011) (alteration and quotation marks omitted).

"The practice of providing a judgment creditor full security during an appeal dates at least to the early seventeenth century, and was incorporated into early American law." *Id.* (internal citation omitted). A bond preserves the

---

entered on April 2, 2026, available on the court's website, www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-berger-standing-order-on-ai.pdf (last visited May 8, 2026).

status quo and protects the non-appealing party "against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." *Poplar Grove*, 600 F.2d at 1190–91.

"A bond requirement may be waived in a court's discretion." *United States v. Certain Real & Pers. Prop. Belonging to Hayes*, 943 F.2d 1292, 1296 (11th Cir. 1991); *accord Campbell v. Rainbow City, Ala.*, 209 F. App'x 873, 874 (11th Cir. 2006) ("Rainbow City did not ask the district court to stay the judgment without requiring a bond, as the district court had the authority to do."); *see also* 12 *Moore's Federal Practice* § 62.03[2] (3d ed. 2026) ("The court, within its discretion, may dispense with the posting of a security."). "If a court chooses to depart from the usual requirement of a full security supersedeas bond ..., it should place the burden on the moving party to objectively demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof." *Poplar Grove*, 600 F.2d at 1191; *see also* 11 *Wright & Miller's Federal Practice & Procedure* § 2905 (3d ed. 2026) ("[T]he burden is on the party seeking a waiver to demonstrate that the judgment is not at risk and the bond will not be waived if that is not sufficiently established.").

In deciding whether to waive a bond, some courts have considered five factors: (1) the complexity of the collection process; (2) the time required to obtain a judgment after it is affirmed; (3) the degree of confidence the court has in the availability of funds to pay the judgment; (4) whether the appellant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the appellant is in such a precarious financial situation that the requirement to post a bond would place other creditors in an insecure position. *See, e.g., In re Nassau Cnty. Strip Search Cases*, 783 F.3d

5

414, 417–18 (2d Cir. 2015); *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988).

Here, the plaintiff fails to satisfy his burden of showing a sufficient reason to depart from the rule's bond-or-other-security requirement. He provides no authority for waiving the bond-or-other-security requirement or imposing a nominal bond based merely on an asserted inability to pay for a bond. *See* Doc. 188. He fails to address pertinent factors, instead relying on factors pertaining to staying equitable relief (i.e., a substantial likelihood of success, irreparable harm, the balance of hardships, and the public interest; *see* footnote 2, *supra*). *See* Doc. 188. He provides no information on how much a bond or other security would cost to ensure payment of the $5,734.45 in costs. *See* Doc. 188. He provides no information on the availability of other security. *See* Doc. 188. And he provides a wholly incomplete picture of his finances. *See* Doc. 188. His exhibits demonstrate that he receives a monthly disability payment of $4,424.51, Doc. 189-1 at 1–4; a monthly "Chapter 31" subsistence allowance of around $700.00, Doc. 189-1 at 4; *see* 38 U.S.C. §§ 3100–3122 (Training and Rehabilitation for Veterans with Service-Connected Disabilities); *id.* § 3108 (Allowances); and, at least as of September of last year, had a balance of $16,381.98 in the account receiving those deposits, Doc. 189-1 at 5.[3] He says nothing about other sources of income such as income from real

---

[3]Other court records show that the plaintiff paid the $405.00 fee to bring this action, *see* Doc. 1; the $605.00 filing fee to bring the appeal, *see* Doc. 176; the $600.00 filing fee to bring an earlier, related mandamus action, *see* Doc. 8 in Appeal No. 25-11250; and the filing fees in other civil actions he has brought in this court between 2020 and 2023, all but one of which he settled, including one in which he received a $5,000.00 settlement in 2023, Doc. 43-1 at 4; *see Williamson v. G4S Secure Sols. USA Inc.*, No. 3:20-cv-24-HES-JRK (paid $400.00 filing fee and settled in 2020); *Williamson v. Equifax Info. Servs., LLC*, No. 3:20-cv-1034-BJD-PDB (paid $400.00 filing fee in 2020 and settled in 2021); *Williamson v. U.S. Bank Nat'l Ass'ns*, No. 3:20-cv-1318-BJD-MCR (paid $400.00 filing fee in 2020); *Williamson v. Experian Info. Sols., Inc.*, No. 3:23-cv-128-TJC-MCR

property, interest, dividends, gifts, alimony, retirement, or unemployment payments; about the number of bank accounts he has and the amounts in them; about any assets he owns (such as a home, other real estate, a motor vehicle, jewelry, and art); about any money he or any business he runs is owed; and about anyone he supports and vice versa. *See* Docs. 189, 189-1.

Denial of the motion is warranted for the additional reason that the motion violates Local Rule 1.08, as supplemented by the district judge's standing order entered on January 13, 2021, requiring at least a 12-point font.

**2.**

Three of the plaintiff's motions overlap and relate to his motion to stay enforcement of the clerk's taxation of costs and to obtain a waiver of the bond requirement or impose a nominal $1 bond. *See* Docs. 195, 196, 200.

In the first motion, the plaintiff moves for leave to reply to Experian's response (Doc. 193) to the motion to stay (Doc. 188) to address assertedly defective service of the response and factors for a stay. Doc. 195. Experian's counsel certifies that she emailed the response to the plaintiff and mailed it to him by certified mail. Doc. 193 at 5. The plaintiff declares that he did not receive the response and learned about it only by checking the docket.[4] Doc. 197. He states that he attached exhibits to his declaration to support the declaration, but he did not. Doc. 197 at 2. He asserts that he does not need to

---

(paid $402.00 filing fee and settled in 2023); *Williamson v. Equifax Info. Servs., LLC*, No. 3:23-cv-759-BJD-MCR (paid $402.00 filing fee and settled in 2023).

[4]At an earlier hearing, the plaintiff represented that he lives in another country, does not get mail directly, has to rely on his mother to remember to scan his mail and email it to him, and, thus, just because something was mailed does not mean he has received it. Doc. 120 at 46.

confer on the motion, but, in any event, Experian opposes the motion. Doc. 195 at 2. Experian's counsel clarifies that the response package had been redelivered after the delivery location was inaccessible, and that she had not emailed the response to the plaintiff upon filing. Doc. 198 at 2–3.

In the second motion, the plaintiff asks the court to disregard Experian's response (Doc. 193) due to the assertedly defective service or allow him to reply and for an expedited ruling on the motion to stay (Doc. 188). Doc. 196. He repeats his arguments about factors that apply only to a stay of equitable relief. Doc. 196 at 4–5; *see* footnote 2, *supra*. He again asserts that he does not need to confer on the motion, but, in any event, Experian opposes the motion. Doc. 196 at 5; *see* Doc. 198 (Experian's opposition).

In the third motion, the plaintiff moves for leave to reply in support of his motion to stay (Doc. 188) to clarify that he does not request relief under Rule 12(f) in his motion to disregard (Doc. 196) and to address the assertedly defective service of Experian's response (Doc. 193) and factors for a stay. Docs. 200, 200-1. He attaches a proposed reply. Doc. 200-1.

Considering the denial of the motion to stay (Doc. 188), *see* § 1, *supra*, the plaintiff's related motions, Docs. 195, 196, 200, are **denied** as moot. Even if the motions were not moot, denial is warranted.

Rule 5(a)(1), Federal Rules of Civil Procedure, requires service of papers in five categories: (1) "an order stating that service is required"; (2) "a pleading filed after the original complaint" (with a limited exception); (3) "a discovery paper required to be served on a party, unless the court orders otherwise"; (4) "a written motion, except one that may be heard ex parte"; and (5) "a written notice, appearance, demand, or offer of judgment, or any similar paper." The

rule ensures that parties "furnish information critical to the cause of action asserted." *Burton v. G.A.C. Fin. Co.*, 525 F.2d 961, 963 (5th Cir. 1976). Although parties routinely serve responses to motions, Rule 5(a)(1) does not, textually, mandate that practice.

Local Rule 3.01(e) provides that "[e]xcept for a reply to a motion for summary judgment or a reply brief in a social security action, no party may reply without leave." Local Rule 3.01(e). "A motion for leave to reply must not exceed three pages; must specify the need for, and the length of, the proposed reply; and must not include the proposed reply." Local Rule 3.01(e).

Consideration of Experian's response (Doc. 193) to the plaintiff's motion to stay (Doc. 188) is unnecessary because the plaintiff fails in the first instance to satisfy his burden of showing a sufficient reason to depart from the rule's bond-or-other-security requirement. *See* § 1, *supra*. With that failure, Experian's response matters naught. To the extent that the plaintiff moves for leave to reply to address the factors for a stay, the time to address the factors was in the motion itself. Moreover, he continues to rely on the *wrong* factors— those applicable to equitable relief that was not ordered in the taxation of costs—repeating his analysis of them in the second motion, Doc. 196 at 3, and proposed reply, Doc. 200-1 at 4; *see* footnote 2, *supra*. To the extent that he moves for expedited consideration of his motion to stay, he provides neither authority nor analysis for that requested relief. Moreover, it is not evident why the court should prioritize his motion to stay the execution of the taxation of costs over the many pending criminal cases, the many immigrant habeas actions, and the many other civil motions that have been pending much longer, including because nothing indicates that either defendant has yet attempted to obtain the money he owes them.

9

Denial of the motions, Docs. 195, 196, 200, is warranted for the additional reason that the motions violate the Local Rules. All three motions violate Local Rule 1.08, as supplemented by the district judge's standing order requiring at least a 12-point font. The motion to disregard the response, Doc. 196, violates Local Rule 3.01(k)'s prohibition on filing a proposed order. *See* Doc. 196-1 (proposed order). And the second motion for leave to reply, Doc. 200, violates Local Rule 3.01(e)'s prohibition on including a proposed reply. *See* Doc. 200-1 (proposed reply and exhibits).

**3.**

The plaintiff moves for leave to substitute his previous motion for relief under Rule 60(d)(3), Federal Rules of Civil Procedure (*see* Docs. 143, 143-1), with a new combined motion for relief under Rules 60(d)(3) and 62.1. Doc. 192 (motion for substitution); Doc. 192-1 (combined motion); Doc. 192-2 (declaration with exhibits). The court terminated the previous Rule 60(d)(3) motion upon dismissing the action on other grounds. *See* Doc. 166 at 14. In his "Local Rule 3.01(g) Certification," he states that he conferred with the defendants' counsel, and the defendants oppose the motion. Doc. 192 at 3. He followed the motion with a notice observing that neither defendant responded and asking the court to consider the motion unopposed under Local Rule 3.01(c) (renumbered to Local Rule 3.01(d)). Doc. 199. He followed the notice with a motion to treat the motion for leave to substitute (Doc. 192) as unopposed, to docket the combined Rules 60(d)(3) and 62.1 motion (Doc. 192-1), and to grant the combined motion or establish a response deadline. Doc. 201.

Rule 60(d)(3) authorizes a court to "set aside a judgment for fraud on the court." "[T]here is no time limit on setting aside a judgment under Rule 60(d)(3)." *Mills v. Comm'r, Ala. Dep't of Corr.*, 102 F.4th 1235, 1240 (11th Cir.),

*cert. denied sub nom. Mills v. Hamm*, 144 S. Ct. 2600 (2024). Rule 62.1(a)(3) provides, "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may" provide an indicative ruling on the motion.

The motions, Doc. 192, 201, are **denied** because the motions violate Local Rule 1.08, as supplemented by the district judge's standing order requiring at least a 12-point font. To the extent that the plaintiff requests leave, Doc. 192, denial is warranted for the additional reasons that he may file a Rule 60(d)(3) motion without the court's leave, and the Eleventh Circuit's ruling on his appeal, *see* Doc. 29-1 (opinion) and Doc. 30 (judgment) in Appeal No. 25-13045, eliminates any need for a Rule 62.1 indicative ruling. To the extent that he moves to treat the motion for leave (Doc. 192) as unopposed, Doc. 201, the motion is now moot.

### 4.

The plaintiff moves to expedite the consideration of his combined motion for relief under Rules 60(d)(3) and 62.1. Doc. 194. For his Local Rule 3.01(g) certificate, he states, "Under Local Rule 3.01(g)(1), conferral is not required because this motion seeks procedural scheduling relief (expedited consideration of a pending Rule 60(d)(3)/Rule 62.1 motion) and cannot be resolved by conferral." Doc. 194 at 4.

Local Rule 3.01(g) requires a good-faith conferral before filing any motion in a civil action, except for "a motion for a Rule 11 sanction, for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion." Local Rule 3.01(g)(1). The rule makes no exception for motions

11

requesting "procedural scheduling relief," as the plaintiff contends. *See* Doc. 194 at 4 (quoted).

The motion to expedite, Doc. 194, is **denied** because the motion violates Local Rule 3.01(g) and Local Rule 1.08, as supplemented by the district judge's standing order requiring at least a 12-point font, and for the additional reason that his other request for expedited consideration is denied. *See* § 2, *supra*.

**Ordered** in Jacksonville, Florida, on May 8, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*

c:      Eliott Williamson
        12183 Captiva Bluff Cir. W.
        Jacksonville, FL 32226